## EARL WARD v. STATE.

No. A-7832. Opinion Filed July 31, 1931.
(1 Pac. [2d] 834.)

. A. M. Reinwand, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was charged by information with forgery and sentenced to the state penitentiary at McAlester for a term of 60 days, and to pay the cost of the prosecution. Motion for new trial was filed, overruled, exceptions saved, and the case appealed. The information charged the defendant with forging a check, which is in words and figures as follows:

"United Brotherhood of Carpenters and Joiners of America, Local Union No. 1585, Lawton, Okla. May 6, 1929.

"The City National Bank

"Pay to the order of Earl Ward $85.00 Eighty-five and No/100 Dollars

"Frank Allred, President
"Earl Ward, Sec. Treas."

The testimony on behalf of the state tended to show that the check alleged to have been forged by the defendant was presented to the City National Bank of Lawton, Okla., and paid by that bank; the defendant had been at one time secretary of the Carpenters' Local Union No. 1585, which union carried its deposit with the City National Bank. The testimony further tended to show that on the first of June the bank mailed a statement of the account to the defendant, which was received by the defendant and delivered to the secretary, Mr. Kepler; when Mr. Kepler examined the statement he discovered there had been some erasures; later on, the statement was taken to the bank, and the bank books showed there was missing from the account as made up and mailed out the canceled check for $85 and one for $88.

The testimony further tends to show that the defendant cashed a check at the City National Bank, and the bank's account with the local union showed that the check was for $85; that the check was misplaced or destroyed and could not be found. It was not denied that a check for $5 was drawn on May 6, 1929, in payment of the April salary of the defendant. The officers of the bank stated they had not seen the two checks, one for $85 and one for $88, since the statement of the local union had been mailed to Mr. Ward, the defendant.

The defendant in his own behalf stated that he first placed his membership in the Carpenters' Union in Lawton in 1917—

"When the envelope came to me containing the bank statement and checks, which I received Monday evening at 7:30, on June 3, 1929, I took it out of the box and carried it to the Carpenters' Union Hall and placed it on the desk of the secretary; Mr. Kepler took the letter from the desk and audited the books, and that is all I know about it; I never saw the envelope after that time, nor do I know what the envelope contained; I left Lawton June 3rd, and returned the first day of July; the first information I received there was anything wrong was about July 23d; I received a check for $5 for my pay for the month of May and cashed it at Hub Crawford's. I did not raise the $5 check to $85, nor did I ever make any $88 check to myself. I never received from the local union the sum of $85, or the sum of $88. My check as business agent did not run that high. I knew nothing about the $85 or $88 checks that were drawn on the Carpenters' Union."

The defendant was then cross-examined as to transactions during the time he was secretary of the lodge and business agent, and as to the canceled checks that had been introduced in evidence, and as to his cashing his checks at Hub Crawford's; and reaffirmed his statements made on direct examination that he knew nothing about the $85 or $88 checks; that he had not raised the $5 check to $85 and cashed it.

The defendant then called Hub Crawford, who testified that he had on several occasions cashed checks for the defendant at his place of business, and then called several witnesses who were members of the local union, and other parties, who testified to his previous good character.

Seven errors are assigned by the defendant as grounds for reversal. The seventh error is that the court erred in overruling the motion for a new trial filed by the defendant. This is the only error necessary to be considered, as the other errors assigned are included in the defendant's motion for a new trial.

After a careful examination of the evidence, we hold that the evidence is sufficient to sustain a verdict of guilty. This court has repeatedly held that where there is substantial evidence to show the guilt of the defendant, this court will not weigh the sufficiency of the evidence to sustain a conviction, but will consider the whole evidence to ascertain whether a conviction is founded on substantial evidence.

It is further disclosed by the record that the jury returned into open court and asked for a rereading of Mr. Kepler's testimony, and on one or more occasions advised the court it had not agreed. There are many things that took place in the trial of this case that tended to influence the jury in arriving at its verdict, among others, the jury was admonished by the court and told that he felt like the jury was able to agree within a reasonably short time after they went out, but it was only guesswork, of course, that he did not know where the court would be able to get a jury that would be better qualified to settle the issue than the jury he had impaneled. This is not sufficient to warrant a reversal of the case, as the remarks of the court did not tend to show what kind of a verdict the jury should render, but only tends to show that the court desired to keep the jury together until they reached some kind of a verdict.

In the verdict, the jury requested the court to give the defendant the lowest punishment under the law. This request of course is not binding on the court, but it does

tend to show that after the jury had deliberated the length of time it had, as shown by the record, the jury felt the testimony was such that a light punishment would be sufficient. Considering all the evidence in the case, we believe the judgment should be modified to 30 days in the penitentiary and costs, and, as so modified, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.